```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```

_____

| | |
|---|---|
| **THOMAS J. BUTLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 24-cv-2251-TLP-tmp |
| ) | |
| **AMAZON FULFILLMENT CENTER** ) | |
| **MEM 4,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO STAY DEADLINES**
_____

Before the court is defendant Amazon.com Services, LLC's ("Amazon")[1] Motion to Stay Deadlines, filed on March 14, 2025. (ECF No. 28.)[2] Amazon seeks a stay of all current deadlines set by the court's August 13, 2024 Scheduling Order, (ECF No. 15), pending resolution of Amazon's December 23, 2024 Motion to Dismiss as a Rule 37 Sanction, or In the Alternative, Compel Plaintiff to Supplement Discovery ("Motion to Compel"), (ECF No. 23). In support, Amazon argues that the court's ruling on the Motion to

---

[1] Amazon maintains that plaintiff "improperly named" defendant as "Amazon Fulfillment Center MEM 4" in his complaint. (See ECF No. 23 at PageID 219 n.1.)

[2] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

Compel will "directly impact[] the parties' ability to meet the current deadlines set by the Scheduling Order, including in the event Defendant needs to subpoena Plaintiff's medical records if Plaintiff is unable to produce them." (ECF No. 28 at PageID 340.) Amazon also contends that it "cannot determine whether it needs an expert in this matter," and thus disclose expert witness information pursuant to Federal Rule of Civil Procedure 26, "until [Amazon] receives information documents related to Plaintiff's damages" that are the subject of Amazon's Motion to Compel. (Id. at PageID 339-40.) *Pro se* plaintiff Thomas J. Butler did not file a response.

"The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary." B.E. Tech., LLC v. Sony Computer Ent. Am., LLC, Nos. 2:12-cv-2826-JPM-tmp, 2:12-cv-2827-JPM-tmp, 2:12-cv-2828-JMP-tmp, 2013 WL 524892, at *1 (W.D. Tenn. Feb. 11, 2013) (quoting Ellis v. Merck & Co., Inc., 06-1005-T/AN, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006)). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by the stay." Esperson v. Trugreen LP, No. 10-cv-2130-STA, 2010 WL 2640520, at *2 (W.D. Tenn. June 29, 2010) (citations omitted).

The undersigned finds good cause to stay the remaining deadlines in this action until Amazon's pending Motion to Compel is resolved. Amazon's argument that the parties' ability to meet the remaining deadlines will be "directly impact[ed]" by the resolution of its Motion to Compel is well-taken. Considering this impact, the interests of the parties, and the court's resources, the undersigned finds that a stay is appropriate.

Amazon's Motion to Stay Deadlines is therefore GRANTED. The court intends to rule shortly on Amazon's pending Motion to Compel, after which time the court will enter a revised Scheduling Order resetting the remaining deadlines in this case.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 18, 2025
Date
