## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

THOMAS J. BUTLER,                        )
                                         )
    Plaintiff,                       )
                                         )
v.                                       )        No. 24-cv-2251-TLP-tmp
                                         )
AMAZON FULFILLMENT CENTER                )
MEM 4,                                   )
                                         )
    Defendant.                       )
                                         )

_____

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO COMPEL PLAINTIFF TO SUPPLEMENT DISCOVERY RESPONSES

_____

Before the court is defendant Amazon.com Services, LLC's ("Amazon")[1] Rule 37 Motion for Dismissal as Sanction, or In the Alternative, Compel Plaintiff to Supplement Discovery ("Motion to Compel"), filed on December 23, 2024. (ECF No. 23.)[2] For the reasons below, Amazon's Motion to Compel is GRANTED in part and DENIED in part.

_____

[1] Amazon asserts that plaintiff improperly named defendant as "Amazon Fulfillment Center MEM 4" in his complaint. (ECF No. 23 at PageID 219 n.1.)

[2] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

## I. BACKGROUND

*Pro se* plaintiff Thomas J. Butler filed his complaint against Amazon on April 17, 2024, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (ECF No. 1.) Butler claims that he was injured while working as a "Picker and Packer" for Amazon's Memphis-based fulfillment center. (Id. at PageID 3.) Because of this injury, Butler alleges that he "developed a disability" for which he sought, but was repeatedly denied, reasonable accommodations and worker's compensation. (Id. at PageID 3-4.) Butler was terminated from his position in June 2023 for purportedly violating Amazon's attendance policy, a rationale that Butler appears to imply was pretextual. (See id. at PageID 4.)

After the undersigned held a scheduling conference on August 13, 2024, (ECF No. 17), Amazon served its first sets of Interrogatories and Requests for Production on September 30, 2024. (ECF No. 23 at PageID 221.) According to Amazon, Butler initially failed to respond, but eventually served his Response to Defendant's First Set of Interrogatories and his Production of Documents to Defendant's First Requests for Production on November 7, 2024. (Id.) Amazon contends, however, that Butler's discovery responses were "incomplete, evasive, and generally did not comply with the [Federal Rules of Civil Procedure]." (Id.) In addition,

- 2 -

Amazon argues that Butler failed to properly execute waivers authorizing counsel for Amazon to obtain copies of Butler's medical, employment, and unemployment records. (Id. at PageID 222-23; see ECF No. 23-3 at PageID 282-84.) Amazon explains that, "in recognition of Plaintiff's *pro se* status," these waivers would have allowed Amazon to more easily obtain records directly from Butler's medical providers and current and former employers. (ECF No. 23 at PageID 222.)

On December 5, 2024, counsel for Amazon sent a letter to Butler (the "Deficiency Letter") identifying deficiencies in his discovery responses and requesting that he supplement and respond on or before Monday, December 16, 2024. (Id. at PageID 219; see also ECF No. 23-1.) Amazon argues that, while Butler did respond on December 16, his responses were still wholly deficient. (ECF No. 23 at PageID 220.) Counsel for Amazon then attempted to contact Butler by phone and by email on December 18 and 19, 2024. (Id.) Butler eventually responded via email on December 20, 2024, writing only: "Did you report this change to the court, how do I know you are noticed by this court. I did not receive a notice from the court that you are to be the attorney on file." (Id.; see also ECF No. 23-8 at PageID 318.) Butler did not otherwise address his purportedly deficient discovery responses. Amazon maintains that Butler has thus "refused to supplement his Answers and [Requests for Production] Responses and could not be reached after

- 3 -

Defendant's attorney attempted to confer." (ECF No. 23 at PageID 221.)

After its unsuccessful attempts at conferring with Butler, Amazon filed the instant Motion to Compel on December 23, 2024. (Id.) It seeks dismissal of Butler's complaint under Federal Rule of Civil Procedure 37 for his alleged failure to respond to Amazon's discovery requests. (Id. at PageID 219.) In support, Amazon argues that Butler has "continue[d] his pre-suit pattern of failing to provide requested documentation to substantiate his claims"——conduct that Amazon contends is a willful attempt by Butler "to unilaterally limit the scope of Defendant's permissible discovery." (Id. at PageID 221, 225-26.) Alternatively, Amazon moves the court to order Butler to respond to its Interrogatories and Requests for Production "in a manner that either: (1) provides the correct information and documents or (2) clearly advises Defendant that Plaintiff has no responsible documents or information." (Id. at PageID 229.) Moreover, Amazon argues that

> [f]or those Interrogatories and Requests for Production that seek employment and medical records, the Court should order Plaintiff to properly and completely prepare authorization forms for each employer and medical provider for two years prior to his employment with Defendant and for the entire period since his employment with Defendant.

(Id.)

Butler responded in opposition on January 13, 2025. (ECF No. 24.) Among other arguments, Butler contends that he did respond to

- 4 -

Amazon's discovery requests, even if "[Amazon] may not like [those] responses." (Id. at PageID 322.) Butler further admits that counsel for Amazon reached out to him about alleged deficiencies in his discovery responses. (Id. at PageID 319.) However, Butler appears to argue that Amazon's "position" was instead deficient, as "[t]he attorney that sent the letter was not a[n] attorney recognized by this court nor the Plaintiff." (Id.)[3] Butler also alleges that he "did in fact provide the Defendant with . . . language stating [that for] certain request[s], Plaintiff had no documents to give"; that "some of the documents requested [were] lost" since Butler left his position at Amazon; and that he is "working in good faith" to obtain "doctors' bills . . . [and] doctor correspondence." (Id. at PageID 324, 326.)

After obtaining leave of court, Amazon filed a reply in support of its Motion to Compel on January 27, 2025. (ECF Nos. 25, 26, 27.) Amazon asserts that the documentation it provided as

_____

[3]The court notes that defense counsel Susan Elgin and Stacey Smiricky appeared in this action on July 3, 2024, (see ECF Nos. 10, 11), several months before attorneys Elgin and Smiricky sent the Deficiency Letter to Butler on December 5, 2024, (see ECF No. 23-1 at PageID 237). Former counsel of record Tejal Garg also filed a Notice of Appearance on December 13, 2024, (see ECF No. 22), five days before she attempted to contact Butler on December 18 regarding his allegedly "still-deficient [discovery] responses," (ECF Nos. 23 at PageID 220; 23-8 at PageID 318). Butler's argument is therefore unavailing. Moreover, even if any counsel for Amazon had not properly appeared, that fact would not excuse Butler's failure to provide complete responses to Amazon's discovery requests.

exhibits to its Motion to Compel belies Butler's contention that
he has provided all the answers Amazon sought in discovery. (ECF
No. 27 at PageID 332.) Instead, Amazon again argues that Butler is
either willfully withholding relevant information, including
information regarding his medical records and employment history,
"or he has no relevant information to support the elements of his
cause of action." (Id. at PageID 336.) According to Amazon,
"[e]ither way, dismissal is an appropriate sanction," or in the
alternative, warrants an order from the court directing Butler to
provide properly executed releases for employment and medical
information. (Id.)

## II. ANALYSIS

### A. Motion for Dismissal as a Sanction

The court first considers Amazon's request for an order
dismissing Butler's complaint as a sanction under Federal Rule of
Civil Procedure 37. That rule provides that if "a party, after
being properly served with interrogatories under Rule 33 or a
request for inspection under Rule 34, fails to serve its answer,
objections, or written response," the court may, on motion, order
sanctions against the offending party. Fed. R. Civ. P.
37(d)(1)(A)(ii). Sanctions may include dismissing an action in
whole or in part, if appropriate. Fed. R. Civ. P. 37(b)(2)(A)(v),
(d)(3). The decision to dismiss a complaint for failure to comply
with a discovery obligation is within the discretion of the trial

court. Mager v. Wis. Cent. Ltd., 924 F.3d 831, 837 (6th Cir. 2019)
(citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S.
639, 642 (1976) (per curiam); Knoll v. Am. Tel. & Tel. Co., 176
F.3d 359, 363 (6th Cir. 1999); Harmon v. CSX Transp., Inc., 110
F.3d 364, 366 (6th Cir. 1997)). But it "is the sanction of last
resort." Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th
Cir. 1994).

Courts in the Sixth Circuit consider four factors when
determining whether dismissal is an appropriate sanction for a
party's failure to comply with discovery obligations:

> (1) whether the party's failure to cooperate in
> discovery is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the
> dismissed party's failure to cooperate in discovery; (3)
> whether the dismissed party was warned that failure to
> cooperate would lead to dismissal; and (4) whether less
> drastic sanctions were imposed or considered before
> dismissal was ordered.

Norris v. MK Holdings, Inc., 734 F. App'x 950, 957 (6th Cir. 2018)
(quoting Harmon, 110 F.3d at 366-67). "Although typically none of
the factors is outcome dispositive, . . . a case is
properly dismissed by the district court where there is a clear
record of delay or contumacious conduct." Id. (quoting Schafer v.
City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)).

At this time, the court declines to order dismissal or other sanctions under Rule 37.[4] Although Amazon's argument that it has been "undoubtedly prejudiced" by Butler's reluctance to cooperate in discovery is well-taken, the court finds that Amazon has not presented sufficient facts to suggest that Butler's failure to cooperate was motivated by willfulness, bad faith, or fault. Moreover, the instant motion to compel is Amazon's first notice to the court of Butler's allegedly deficient discovery responses. The court accordingly has not warned Butler that his failure to cooperate in discovery could result in dismissal, nor considered less drastic sanctions under Rule 37.

Under these circumstances, Amazon's Motion for Dismissal is DENIED. Butler is hereby warned, however, that failure to comply with discovery obligations or court directives——including the instant order——may result in future sanctions, including awarding attorney's fees and dismissal of his complaint with prejudice.

**B.    Motion to Compel**

In lieu of dismissal, Amazon alternatively moves for an order compelling Butler to submit complete responses to its interrogatories and requests for production. Under Federal Rule of Civil Procedure 37(a), "[a] party seeking discovery may move for

---

[4]Because the undersigned finds that dismissal is not warranted here, disposition of this motion by order is appropriate. See Builders Insulation of Tenn., LLC v. S. Energy Sols., No. 17-cv-2668-TLP-tmp, 2020 WL 265297, at *4-5 (W.D. Tenn. Jan. 17, 2020).

an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted——or fails to permit inspection——as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). In deciding a Motion to Compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The court may limit discovery upon a showing that the discovery sought is unreasonably cumulative, duplicative, or is more easily obtainable from another source; that the party seeking discovery has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). "The party seeking discovery is obligated to demonstrate relevance." Myrtil v. Serra Chevrolet, No. 22-cv-MSN-tmp, 2023 WL 4493717, at *2 (W.D. Tenn. July 12, 2023) (citing Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019)). "Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery

is not proportional to the needs of the case." Id. (citing William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio Jun. 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017)).

In its Motion to Compel, Amazon identifies fifteen Requests for Production and thirteen Interrogatories to which it contends Butler failed to adequately respond. (See ECF No. 23 at PageID 221-22 n.3, n.4, n.5, n.6.) The substance of these discovery requests can be grouped into four categories: (1) requests for documents generally related to Butler's allegations in his complaint; (2) requests for information and records related to Butler's medical history and treatment; (3) requests for information and documents related to Butler's economic damages claims, including Butler's attempts at mitigating damages after his termination from Amazon; and (4) requests for information and documents related to potential fact or expert witnesses. (See id.)[5] The court considers each category in turn below.

    *1.   General Requests for Production*

---

[5]The court notes that Amazon similarly groups Butler's purportedly deficient discovery responses into four categories in its Motion to Compel. (See ECF No. 23 at PageID 221-22 (grouping Butler's alleged deficiencies into Categories 1-4).) However, for purposes of the below analysis, the court has chosen to reorder its consideration of Amazon's discovery requests.

Amazon first contends that Butler has failed to sufficiently respond to Request for Production Nos. 2 and 26, which broadly ask for documentation supporting "allegations in [Butler's] Complaint." (ECF No. 23-3 at PageID 276, 279.) The requests and Butler's responses read as follows:

> [Request No.] 2.    All Documents that relate to any allegations in your Complaint.
>
> RESPONSE: Plaintiff['s] only documents relied on [were] presented as exhibits in [his] civil complaint.
>
> . . .
>
> [Request No.] 26.    All Communications and other correspondence, including but not limited to email and text messages, between you and any Person constituting, reflecting, memorializing, or otherwise relating to the allegations contained in the Complaint.
>
> RESPONSE: Plaintiff['s] only documents relied on [were] presented as exhibits in [his] civil complaint, and in [Plaintiff's] Initial disclosures provided.

(ECF No. 23-5 at PageID 305, 311.)

Applying Federal Rule of Civil Procedure 26(b)'s standard, the court first finds that Amazon's requests are relevant and proportional to the needs of the case. Second, the court finds that Butler's response to Request No. 2 is sufficient. However, given that Request No. 26 focuses on communications and correspondence, the court finds that Butler's answer to that request is deficient. Even if true that the only responsive documents in Butler's possession are those attached as exhibits to his complaint or produced in his initial disclosures, Butler is

obligated to specifically identify and produce any communications
and correspondence responsive to Amazon's discovery request. See
Merritt v. Wipro Ltd., No. 23-cv-2453-SHM-tmp, 2025 WL 725751, at
*3 (W.D. Tenn. Mar. 6, 2025) (citing Provost v. Corrections Corp.
of Am., No. 2:08-cv-02488-JDT-cgc, 2010 WL 396231, at *9 (W.D.
Tenn. Jan. 27, 2020)) ("Even where [plaintiff] has made certain
documents part of the record, he is still required to produce them
in response to [defendant's] discovery requests."). Amazon's
motion is accordingly DENIED as to Request for Production No. 2
but GRANTED as to Request No. 26. Butler is ORDERED to supplement
his response to Request No. 26 within fifteen days by providing
all responsive documents in his possession or control.

    *2. Medical Records*

    a.  <u>Request for Production Nos. 18, 19, and 23</u>

    Next, Amazon alleges that Butler failed to provide requested
medical records to "substantiate an injury, inability to work, or
. . . an [ADA] accommodation," as well as to support any claims of
personal injury or mental or emotional distress. (See ECF No. 23
at PageID 221-22). Specifically, Amazon contends that Butler
failed to sufficiently respond to Request for Production Nos. 18,
19, and 23, which read:

> [Request No.] 18. If you are seeking any damages for
> personal injury or emotional distress, all Documents
> prepared by any hospital, clinic, treatment center,
> physician, specialist, psychiatrist, psychologist,
> therapist, counselor, social worker, or other health

care provider who examined or treated you at any time
since January 1, 2014. To respond to this Request for
records within your possession, custody, or control,
please execute and return the Patient Authorization for
Release of Medical Records (attached as Exhibit C).
Please photocopy the necessary number of forms, fill out
the requested information, and sign and date each form.

[Request No.] 19. If you are seeking any damages for
personal injury or emotional distress, all Documents
relating to any prescription medications, including but
not limited to antidepressants, that have been
prescribed to you since January 1, 2014, continuing
through trial.

. . .

[Request No.] 23. All Documents relating to any claimed
mental and emotional distress.

(ECF No. 23-3 at PageID 278-79.) To Request Nos. 18 and 19, Butler

responded, "Plaintiff['s] only documents relied on was and is [sic]

presented as exhibits in [his] civil complaint, but [I] will

provide doctor documents in my possession, and will authorize any

not in my custody during and after employment with Amazon only."

(ECF No. 23-4 at PageID 309.) To Request No. 23, Butler similarly

responded that the "only documents relied on was and is [sic]

presented as exhibits in [his] civil complaint." (Id. at PageID

310.)

As referenced in Request No. 18, Amazon attached to its

Requests for Production an authorization form that would permit

Amazon to "obtain records directly from Plaintiff's medical

providers." (ECF Nos. 23 at PageID 222; 23-7 at PageID 316.) The

"[s]pecific description of information to be used or disclosed"

reads:

> Any and all medical and non-medical records, physician's
> records, surgeons' records, reports, x-rays, CAT scans,
> MRIs, tests, photographs, notes, disability ratings,
> laboratory reports, discharge summaries, progress notes,
> consultations, prescriptions, physicals and histories,
> nurses' notes, correspondence, prescription records,
> medication records, orders for medication, therapists'
> notes, insurance records, consent for treatment,
> statements of account, bills, invoices, or any other
> papers concerning any investigation, treatment,
> examination, periods or stays of hospitalization,
> confinement, diagnosis, testing, prognosis, or other
> information pertaining to and concerning the physical
> mental, emotional or any other condition, past or
> present, of Thomas J. Butler which arose out of or is
> related to your treatment of Thomas J. Butler. This
> release shall extend to any medical or psychological
> condition of Thomas J. Butler which is causally or
> historically relevant to her physical, mental or
> emotional condition.
>
> This release specifically includes mental health
> information, drug and alcohol abuse treatment
> information, and communicable disease information,
> including human immunodeficiency virus (HIV), AIDS-
> related complex (ARC) and acquired immunodeficiency
> syndrome (AIDS), if contained in said medical record.

(ECF No. 23-1 at PageID 240.) Amazon does not list a date range on

the waiver form. (See id.)

Butler signed and returned a copy of the waiver on December

16, 2024, but modified the form in several ways. (ECF No. 23-7 at

PageID 316.) First, within the final sentence of the waiver

description, Butler "scratched out" reference to "communicable

disease information, including human immunodeficiency virus (HIV),

AIDS-related complex (ARC) and acquired immunodeficiency syndrome

- 14 -

(AIDS)." (ECF No. 23-7 at PageID 316; <u>see also</u> ECF No. 24 at PageID 322.) In his response brief, Butler argues that he made this modification as an objection to Amazon having access to "any record of my intimate sexual information, which is an overstepping of my privacy." (ECF No. 24 at PageID 322.) Second, Butler added language to the waiver form appearing to limit its scope. To the "description of information to be used or disclosed," Butler wrote "only about my on the job injury TB 12-16-24." (ECF No. 23-7 at PageID 316.) Butler also modified the "[r]eason for use or disclosure of information" description to read: "This release is made in connection with litigation involving the undersigned individual. *On the job injury at Amazon.*" (<u>Id.</u> (modified language in italics).)

In its motion to compel, Amazon argues that "Plaintiff cannot unilaterally limit the scope of information Amazon is allowed to discover under [Federal Rule of Civil Procedure 26]." (ECF No. 23 at PageID 222.) Rather, Amazon contends that it is entitled to the requested medical records because "[i]nformation about Plaintiff's medical conditions pre- and post-alleged injury are directly relevant to whether Plaintiff suffered an injury that required an accommodation or that impacted Plaintiff's inability to work and earn income." (<u>Id.</u>) It argues that "Defendant must have the ability to compare [Butler's] medical condition pre- and post-alleged injury to defend against [Butler's] claims." (<u>Id.</u> at PageID 223.)

- 15 -

Amazon further alleges that Butler's responses were deficient
because he did not fill out a waiver for each of his medical
providers as instructed, let alone identify those providers in any
of his discovery responses. (ECF No. 27 at PageID 333.)

The court finds as an initial matter that records related to
Butler's medical history before and after his alleged on-the-job
injury may be relevant to his failure to accommodate claim under
the ADA. However, certain objections to the scope of Amazon's
requests are well-taken. First, Amazon has not demonstrated the
relevance of "communicable disease information" specifically
identified in its medical waiver. Indeed, the only physical injury
Butler alleges in his complaint is "extreme pain in his back" that
Butler claims necessitated a reasonable modification of his
working conditions. (See ECF No. 1 at PageID 5-7.) Amazon offers
no explanation of how information concerning communicable diseases
are relevant to the purported back injury that Butler claims was
the basis for his accommodation request.

Second, Amazon has not demonstrated how information regarding
Butler's mental health treatment is relevant and proportional such
that the need for those records outweighs the danger of potentially
disclosing information protected by the psychotherapist-patient
privilege. "The Supreme Court, while acknowledging 'the primary
assumption that there is a general duty to give what testimony one
is capable of giving,' has found that the 'privilege protecting

confidential communications between a psychotherapist and her patient promotes sufficiently important interests to outweigh the need for probative evidence[.]'" <u>Myrtil v. Serra Chevrolet</u>, No. 22-CV-2595-MSN-tmp, 2023 WL 4493717, at *4 (W.D. Tenn. July 12, 2023) (quoting <u>Jaffee v. Redmond</u>, 518 U.S. 1, 9-10 (1996)) (internal quotation marks omitted). In the Sixth Circuit, a party waives the psychotherapist-patient privilege by placing their mental health "at issue." <u>Id.</u> (citing <u>Simon v. Cook</u>, 261 F. App'x 873, 886 (6th Cir. 2008)). Under the majority approach of courts within this circuit, there are five occasions when a party places their mental health "at issue," thereby waiving the privilege:

> (1) a tort claim is asserted for intentional infliction or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental health condition is in controversy within the meaning of Rule 35.

<u>Id.</u> (quoting <u>Santifer v. Inergy Auto. Sys., LLC</u>, No. 5:15-cv-11486, 2016 WL 1305221, at *3 (E.D. Mich. Apr. 4, 2016)) (additional citations omitted). However, a party does not waive the psychotherapist-patient privilege by seeking damages for mere "garden variety" emotional distress. <u>Id.</u> (citing <u>Brahmamdan v. Trihealth, Inc.</u>, No. 1:19-cv-152, 2021 WL 4260418, at *2 (S.D. Ohio Sept. 20, 2021); <u>Bose v. Rhodes College</u>, No. 1:19-cv-02308-

JTF-tmp, 2017 WL 4479258, at *6 (W.D. Tenn. Oct. 6, 2017);
Santifer, 2016 WL 1305221, at *2-3).

Having reviewed Butler's complaint, the court finds no indication that Butler has claimed anything beyond "garden variety" emotional pain and suffering damages.[6] Butler has not brought a claim for intentional or negligent infliction of emotional distress, alleged a specific psychiatric injury, or given any indication that he intends to offer expert testimony in support of his claim for "emotional pain [and] suffering." (See ECF No. 1 at PageID 50.) Moreover, Amazon has offered no argument as to why Butler's "mental health information, [or] drug and alcohol abuse treatment information" are relevant or proportional to the needs of the case. (See ECF No. 23-1 at PageID 240.) The court therefore finds no reason justifying the discovery of Butler's mental health records.

However, to the extent that Butler intended to object to the temporal scope of Amazon's requests, the court declines to limit Amazon to solely those medical records Butler deems related to his alleged "on the job injury." (See ECF No. 23-7 at PageID 316 (modifying medical waiver form to cover only information about

---

[6]The only reference whatsoever to Butler's purported emotional distress appears to be a claim, on the final page of Butler's complaint, for "punitive damages for future emotional pain suffering, inconvenience, mental anguish, [and] lose [sic] of enjoyment of life." (ECF No. 1 at PageID 50.)

Butler's alleged "[o]n the job injury at Amazon").) Amazon has sufficiently demonstrated that Butler's medical history pre- and post-alleged injury are necessary for Amazon to evaluate Butler's accommodation request, "compare his medical condition pre- and post-alleged injury," and ultimately "defend against Plaintiff's claims." (ECF No. 23 at PageID 222-23.) The court further finds that Amazon's limitation seeking only records from January 1, 2014, to present is reasonable and proportional considering the needs of the case. (See ECF No. 23-3 at PageID 278-79 (Request Nos. 18 and 19).)

Accordingly, Amazon's motion is GRANTED in part with respect to Request for Production Nos. 18 and 19 but DENIED as to Request No. 23. Amazon is ORDERED to provide Butler, within five days of the entry of this order, with a revised version of its prior medical authorization form. The "specific description of information to be used or disclosed" shall be updated to read:

> Any and all medical and non-medical records, physician's records, surgeons' records, reports, x-rays, CAT scans, MRIs, tests, photographs, notes, disability ratings, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, physicals and histories, nurses' notes, correspondence, prescription records, medication records, orders for medication, insurance records, consent for treatment, statements of account, bills, invoices, or any other papers concerning any investigation, treatment, examination, periods or stays of hospitalization, confinement, diagnosis, testing, prognosis, or other information pertaining to and concerning the physical condition, past or present, of Thomas J. Butler which arose out of or is related to

your treatment of Thomas J. Butler between January 1,
2014, to present day.

Butler is further ORDERED to return, within ten days of receipt

from Amazon, an executed waiver for *each and every* medical provider

from whom he received treatment between January 1, 2014, and

present, with the exception of mental health or other psychological

service providers. This limitation is imposed with the

understanding that Butler does not intend to present any evidence

of emotional distress beyond "garden variety" damages claims.

All records produced pursuant to the executed waivers shall

be initially reviewed only by defense counsel and their legal

staff. If any records inadvertently contain information related to

mental health or communicable disease diagnosis or treatment, that

information must be redacted by defense counsel before production

to Amazon, their experts, or other persons involved in this

litigation. Further, all records produced pursuant to such waivers

shall be destroyed at the conclusion of this litigation.

   b.   Interrogatory No. 18

Amazon additionally claims that Butler failed to respond to

Interrogatory No. 18, which reads:

> Interrogatory No. 18: Describe in detail the nature of
> all physical, psychological, mental, and emotional
> ailment or injury You claim to have suffered as a result
> of the incidents or conduct alleged in Your Complaint,
> including but not limited to: the date each such ailment
> or injury began; the date each such ailment abated or
> ended; whether the ailment or injury was a pre-existing
> condition that You believe was exacerbated by the acts

or omissions of Defendant, and, if so, the basis for
Your belief; the name and address of each physician,
psychiatrist, psychologist, therapist, counselor,
health care professional, or social worker who examined
or treated You for such ailment or injury; the date of
each such examination or treatment; and the diagnosis,
prognosis, and/or treatment You received with respect to
each such treatment, ailment, or injury.

(ECF No. 23-2 at PageID 264.) Butler responded, "I was terminated

will not be provided an accommodation as requested by my doctor

once my return to Work in April 2022, according to my exhibits."

(ECF No. 23-4 at PageID 296.)

The court finds that Butler's answer to Interrogatory No. 18

is nonresponsive and does not otherwise comply with the

requirements of Rule 33(b). See Fed. R. Civ. P. 33(b)(3)-(4)

(requiring either "separate[] and full[]" responses to each

interrogatory, or objections "stated with specificity"). Butler's

reference to previously filed "exhibits" also does not relieve him

of his obligation to respond in accordance with Rule 33. See Morgan

v. AMISUB (SFH), Inc., No. 18-CV-2042-TLP-tmp, 2020 WL 4274586, at

*4 (W.D. Tenn. July 24, 2020), aff'd, 2020 WL 4917731 (W.D. Tenn.

Aug. 21, 2020) ("Furthermore, [defendant's] ability to obtain the

information sought from alternative sources does not relieve

[plaintiff] of [his] obligation to respond in accordance with the

Federal Rules of Civil Procedure.").

Amazon's Motion to Compel is accordingly GRANTED with respect

to Interrogatory No. 18, and Butler is ORDERED, within fifteen

days, to file an amended response. However, for the same reasons explained above, Butler is not required to disclose information related to mental health treatment by a "psychologist, therapist, [or] counselor," provided that Butler does not intend to present evidence of emotional distress beyond his "garden variety" damages claim.

### 3. Requests Supporting Damages and Mitigation

Amazon next argues that Butler failed to sufficiently respond to several interrogatories and requests for production asking him to "substantiat[e] damages generally," including "any effort to obtain new employment relevant to mitigation." (ECF No. 23 at PageID 221.) These include Interrogatory Nos. 2, 3, 4, 5, 6, 9, and 10, as well as Request for Production Nos. 12, 13, 14, 15, 16, 17, 21, and 22. (Id. at PageID 221-22 n.4, n.4, n.6.)

### a. Interrogatory Nos. 4, 6, and 10

As an initial matter, the court finds that Butler has adequately responded to a handful of discovery requests within this category. For example, Butler responded to Interrogatory Nos. 4 and 6 by asserting that the information requested simply does not exist:

> Interrogatory No. 4: If since June 20, 2023, You have received unemployment compensation benefits and Your damage claims or calculations include lost earnings, reduced income, front pay, or back pay, state the following:
>     a. dates during which You received unemployment compensation; and

> b. the total amount of unemployment compensation
>    that You have received to date[.]

[ANSWER]: Plaintiff since June 20, 2023, did not receive
any unemployment compensation.

. . .

Interrogatory No. 6: State the name and address of any
employment agency, other entity, or Person whose
services You used for purposes of seeking employment or
self-employment at any time since June 20, 2023.

[ANSWER]: NO employment agency(s) [sic].

(ECF No. 23-4 at PageID 291-92, 294.) "Because the court cannot
order a party to produce something that does not exist or is not
in its possession," Amazon's motion to compel is DENIED as to these
requests. Hartford Cas. Ins. Co. v. Calcot, Ltd., No. 2:07-CV-
02405-BBD-dkv, 2009 WL 10699694, at *5 (W.D. Tenn. Apr. 7, 2009).

The court likewise finds that Butler sufficiently complied
with the requirements of Federal Rule of Civil Procedure 33(b) in
his response to Interrogatory No. 10. That interrogatory
instructed Butler to "[i]dentify all actions you have taken to
mitigate the damages allegedly suffered in this matter." (ECF No.
23-4 at PageID 294.) Butler responded, "separately and fully in
writing under oath,"

> Praying, seeking reasonable employment that doesn't
> require any real painful work to my back. Found the solar
> job, then my father let me use his car to travel, that
> job provides room and board, but then I was laid off.
> Later I took this lower paying job at auto parts store
> presently employed at now.

(Id.); Fed. R. Civ. P. 33(b)(3). The court accordingly DENIES
Amazon's motion with respect to Interrogatory No. 10.

        b.   <u>Interrogatory Nos. 2, 3, 5, 7, and 9</u>

The court next finds that Butler has not provided sufficient
responses to Amazon's remaining interrogatories related to his
employment history and mitigation efforts. These requests include:

> Interrogatory No. 2: With respect to each position of
> employment that You have held since January 1, 2015,
> state the following:
>     a. name and address of the employer;
>     b. the position held;
>     c. the name of Your supervisor;
>     d. the dates of employment;
>     e. the number of hours worked per week;
>     f. the hourly, weekly, or monthly rate of pay; and
>     g. Your reasons for leaving, if not still employed.

> Interrogatory No. 3: With respect to each period of self-
> employment You have engaged in and each period in which
> You have provided services as an independent contractor
> at any time since January 1, 2015:
>     a. describe the services provided in each period of
>        self-employment and/or work as an independent
>        contractor.
>     b. [i]dentify the party or parties with him You
>        contracted;
>     c. state the beginning and last date You commenced
>        self-employment or work as an independent
>        contractor; and
>     d. state the total amount of income You earned for
>        each period of self[-]employment and/or work as
>        an independent contractor.

> . . .

> Interrogatory No. 5: With respect to each position of
> employment for which You have inquired, applied, or
> interviewed since June 20, 2023, state the following:
>     a. the name and address of the employer or company;
>     b. the position for which You applied;
>     c. the date You applied;

- 24 -

d. the reason(s) You indicated You left Your employment with Defendant;

e. the number of hours per week that the Person holding that position would work;

f. the hourly, weekly, or monthly rate of pay;

g. benefits provided by the employer or company for that particular position;

h. whether You were invited to interview for the position and, if so, Your response;

i. whether and when You received an offer; and

j. if You rejected the offer, the reason for such rejection.

. . .

Interrogatory No. 7: Describe all income, wages, compensation, and employment benefits (including but not limited to disability or social security benefits, and/or workers' compensation benefits) that You have received or earned since June 20, 2023, the source of each, the amount and nature of each, and the dates received, including without limitation any investment or other income and rental property or other business income.

. . .

Interrogatory No. 9: For each type of damages, monetary or otherwise, that You claim from Defendant in this lawsuit, state the following and Identify all Communications, records, or Documents that support them:

a. type of damage (e.g., lost income);

b. the amount of damages claimed;

c. how the amount claimed was calculated; and

d. as to the front pay damages asserted in Your initial disclosures, the basis You base Your contention that those are due to You from Amazon and the facts upon which You ask the Court to rely to calculate front pay.

(ECF No. 23-2 at PageID 248-55.)

Butler responded to this set of interrogatories with a range of partial and incomplete answers. For example, in response to Interrogatory No. 2, Butler wrote that he "currently works for

- 25 -

O'riellys [sic] Auto part store located in Memphis[,] Tennessee."
(ECF No. 23-4 at PageID 291.) However, Butler failed to provide
several requested (and relevant) details, including the address of
his current employer, the exact dates of his employment, or his
current position held. (See id.) In response to Interrogatory No.
5, Butler also stated that he "worked out of town fixing solar
panels for about 3 months after Plaintiff was terminated wrongfully
from Amazon." (Id. at PageID 292.) But he again failed to provide
any additional details regarding this position. Butler's answers
to Interrogatory Nos. 3, 7, and 9 similarly addressed only portions
of Amazon's inquiries while ignoring other information requested.

Moreover, Butler's objections regarding the temporal scope of
these discovery requests are not well-taken. In response to
Interrogatory No. 2, Butler stated that "[t]his request . . .
[would] cause hardship on the Plaintiff, mainly because Plaintiff
was not employed with the defendant in 2015 thru [sic] 2019." (Id.
at PageID 291.) He raises this same objection in his response to
Amazon's motion, arguing that because "Plaintiff['s] employment
started with the defendant in 2020," employment information dating
back to 2015 is "burdensome and would cause the Plaintiff undue
hardship." (ECF No. 24 at PageID 322.) In its reply, Amazon
contends that "[p]ast earning capacity is the best predictor of
future earning capacity," and thus Butler's prior employment
history is directly relevant to his claim of "over $1,000,000 in

- 26 -

economic damages," including a potential award of front pay. (ECF
No. 27 at PageID 334-35.) Amazon also argues that this information
"would further be relevant if Plaintiff has ever filed for a
disability claim or sought ADA accommodations in the past and, if
so, how those cases resolved." (Id. at PageID 335.) According to
Amazon, Butler's work history from 2015 to present is therefore
"relevant, material, and could potentially lead to the discovery
of other relevant and material evidence." (Id.)

The court finds that, on balance, Amazon has demonstrated
that these interrogatories are relevant and proportional to the
needs of the case. See Gunter v. Bemis Co., Inc., 906 F.3d 484,
490 (6th Cir. 2018) (affirming that evidence of plaintiff's
employment history, skills, and education level were sufficient to
prove mitigation of damages in ADA discrimination case); Dickson
v. NPSG Glob., LLC, No. 20-2814-SHM-tmp, 2022 WL 1645080, at *2-3
(W.D. Tenn. May 24, 2022) (finding in employment discrimination
case that information regarding past and subsequent employers was
relevant to the issues of mitigation and any history of similar
claims filed by plaintiff); Beightler v. SunTrust Banks, Inc., No.
2:07-02532-V, 2008 WL 11411823, at *1 (W.D. Tenn. June 19, 2008)
(deeming records related to plaintiff's past employment and
efforts to obtain new employment relevant, in part, because front
pay and back pay were at issue). In light of this finding, and
Butler's otherwise deficient responses, the court GRANTS Amazon's

motion with respect to Interrogatory Nos. 2, 3, 5, 7, and 9. Butler
is ORDERED to supplement his responses within fifteen days of this
order, providing full and complete answers to Amazon's requests
for information.

> c.  Request for Production Nos. 13, 14, 15, 16,
>     17, 21, and 22

Amazon also identifies several Requests for Production
regarding Butler's employment history and mitigation efforts to
which Butler purportedly failed to respond. These include:

> [Request No.] 13. All Documents relating to all employee
> benefits, including any health, medical, or dental
> insurance, for which you have been eligible since June
> 20, 2023.
>
> [Request No.] 14. All Documents reflecting,
> constituting, memorializing, or relating to your
> efforts, whether successful or not, to obtain employment
> or self-employment since June 20, 2023, including, but
> not limited to, notes, diary entries, logs, resumes, job
> applications, correspondence, job advertisements, job
> postings, or job offers. To respond to this Request for
> Documents under your control, please complete and return
> a release of employment records authorization (attached
> as Exhibit A) for every place you have inquired or
> applied for a job since June 20, 2023. Please photocopy
> the necessary number of forms, fill out the requested
> information, and sign and date each form.
>
> [Request No.] 15. All Documents that show the
> compensation and benefits you have earned through
> employment and self-employment since January 1, 2019,
> including but not limited to all W-2 statements, Form
> 1099 statements, check stubs, benefit plan summaries,
> benefit application Documents, and benefit termination
> documents.
>
> [Request No.] 16: All Documents relating to any claims
> for unemployment compensation benefits, Social Security
> disability benefits, workers' compensation, or other

benefits you have made since June 20, 2023, including
but not limited to all Documents you submitted to or
received from the U.S. Equal Employment Opportunity
Commission and all other Documents relating to your
unemployment compensation claim, and all Documents
relating to any benefits received by you since June 20,
2023. To respond to this Request for Documents under
your control, please complete and return the attached
authorization to release unemployment files (attached as
Exhibit B).

[Request No.] 17. All Documents related to any
employment you have had since January 1, 2019, excluding
Documents responsive to other requests, including but
not limited to applications for employment, performance
evaluations, disciplinary memoranda, written warnings,
personnel files, pay stubs, time sheets, and work
schedules. To respond to this Request for Documents
under your control, please complete and return a release
of employment records authorization (attached as Exhibit
A) for every employer since January 1, 2019. Please
photocopy the necessary number of forms, fill out the
requested information, and sign and date each form.

. . .

[Request No.] 21. All documents relating to your
damages.

[Request No.] 22. All Documents relating to your
efforts, if any, to mitigate your damages.

(ECF No. 23-2 at PageID 277-79.)

For the reasons explained above justifying Amazon's related

interrogatories, the court finds that these Requests for

Production are relevant and proportional to the needs of the case.

Moreover, having reviewed Butler's responses, the court again

finds that they are deficient. Butler's repeated refrain that

"Plaintiff['s] only documents relied on was and is [sic] presented

as exhibits in [his] civil complaint" does not satisfy his

obligation under Rule 34. See Merritt, 2025 WL 725751, at *3
(citing Provost, 2010 WL 396231, at *9).

Amazon's Motion to Compel is thus GRANTED with respect to
Request for Production Nos. 13, 14, 15, 16, 17, 21, and 22. Butler
is ORDERED to supplement his responses within fifteen days of this
order by providing all documents in his possession that are
responsive to each request. Butler is further ORDERED, in
compliance with Request Nos. 14 and 17, to sign and return an
executed employment records authorization form for *each and every*
employer of his since January 1, 2019. The court notes, however,
that Butler appears to indicate he has not received unemployment
compensation benefits since his termination from Amazon in June
2023. (See ECF No. 23-2 at PageID 291-92 (answering Interrogatory
No. 4).) Butler is therefore not required to submit an executed
unemployment waiver in compliance with Request No. 16 but must
nevertheless produce any responsive records related to "Social
Security disability benefits, workers' compensation, or other
benefits" if applicable.

### d. Request for Production No. 12

In addition to the above Requests for Production, Amazon seeks
to compel "copies of [Butler's] complete federal and state income
tax returns including schedules and attachments for the years 2019,
2020, 2021, 2022, and 2023 and continuing through trial." (ECF No.
23-5 at PageID 307.) This information was sought in Amazon's

Request for Production No. 12, to which Butler responded,
"Plaintiff will provide only relevant years during employment with
Amazon, [and] once gathered will provide 2 weeks from this
response." (Id.) In their briefing of the instant motion, however,
neither party addressed whether Butler has produced copies of his
tax returns.

Although tax records "are relevant to both claims of lost
wages and proving mitigation measures," the court is mindful of
"the cautionary approach other courts have taken to prevent
unnecessary disclosure of tax returns." Reed v. Memphis Recovery
Ctrs., Inc., No. 21-2657-SHL-tmp, 2022 WL 2286465, at *3 (W.D.
Tenn. June 23, 2022) (quoting Dancy v. Lanxess Corp., No. 19-cv-
02690-SHL-tmp, 2020 WL 5262311, at *3 (W.D. Tenn. Sept. 3, 2020)
and then Primrose Ret. Cmtys., LLC v. Omni Constr. Co., Inc., No.
1:18-mc-0130, 2019 WL 6771210, at *2 (N.D. Ohio Dec. 12, 2019)).
Thus, "without justification as to why [Butler's] pre-employment
tax returns are relevant to any claim or defense," Amazon cannot
meet its burden under Federal Rule of Civil Procedure 26. Id.
(quoting Dancy, 2020 WL 5262311, at *3 n.3) (citation modified).
Here, Amazon has not offered a specific explanation for why
Butler's tax records from before his employment with Amazon are
relevant. Amazon's motion with respect to Request No. 12 is
accordingly GRANTED in part. To the extent that he has not already
produced them, Butler is ORDERED, within fifteen days of this

order, to produce copies of his federal income tax returns for only those years from the start of his employment at Amazon through the present. Butler is not required to produce any state income tax returns.

### 4. Requests Identifying Fact and Expert Witnesses

Finally, Amazon argues that Butler failed to provide "information regarding fact and expert witness Plaintiff may rely upon or other persons with information relevant to Plaintiff's claims." (ECF No. 23 at PageID 221.) This information was sought in Interrogatory Nos. 11, 12, 13, and 16, to which Butler responded as follows:

> Interrogatory No. 11: Identify each Person who You believe may have knowledge or information about the matters alleged in Your Complaint and/or who may give testimony at trial about the matters alleged in Your Complaint, and for each such Person/witness, describe the knowledge or information he/she has.

> [ANSWER]: I put that in my initial disclosures that I sent to defendant.

> Interrogatory No. 12: With respect to each Person whom You intend to call as an expert witness at the trial of this case, state the following:
>    a. the expert's name and address;
>    b. the expert's professional qualifications and experience;
>    c. the substance of the facts and opinions to which You expect or have asked the expert to testify; and
>    d. a summary of the grounds for each opinion the expert will give.

> [ANSWER]: I intend to call the people or persons in my initial disclosures. And the people defendant presented in its disclosures.

Interrogatory No. 13: State the name of any other experts who You retained for or specifically employed by You in anticipation of litigation or preparation for trial, even though You do not expect to call them as witnesses or You have not yet decided whether to call them as witnesses.

[ANSWER]: NO experts.

. . .

Interrogatory No. 16: Identify every Person who has spoken to or communicated with You about Your allegations of disability discrimination. For each such Person, Identify and state when such discussions or Communications took place, the manner or medium or such Communication, and the contents of such Communications.

[ANSWER]: NO person other than EEOC. Also relying on the people in my initial disclosures.

(ECF No. 23-4 at PageID 294-95.) Amazon additionally alleges that

Butler failed to sufficiently respond to its Request for Production

Nos. 24 and 25, which seek:

[Request No.] 24. All resumes and curriculum vitae of all Persons you may call as a witness at trial to present evidence under Rules 701, 702, 703, 704, and 705 of the Federal Rules of Evidence, or have contacted about the possibility of presenting such evidence at trial and all such Documents required by such rules to be provided by each such designated witness.

[Request No.] 25. All memoranda, reports, correspondence, or other Documents (including all drafts of such Documents), that you have sent to or received from each Person whom you have contacted regarding the possibility of presenting evidence under Rules 701, 702, 703, 704, and 705 of the Federal Rules of Evidence, or whom you may call as a witness at trial to present such evidence.

(ECF No. 23-3 at PageID 279.)

With respect to Interrogatory Nos. 11 and 16, the court first finds that these requests are relevant and proportional for the purposes of discovery. Second, the court finds that Butler's response to Interrogatory No. 11 is sufficient. But the court finds that Butler's answer to Interrogatory No. 16 is not sufficient under the response standard set by Rule 33(b). See Fed. R. Civ. P. 33(b)(3)-(4). As explained above, "[Amazon's] ability to obtain the information sought from alternative sources does not relieve [Butler] of [his] obligation to respond in accordance with the Federal Rules of Civil Procedure." Morgan, 2020 WL 4274586, at *4. Amazon's motion is accordingly DENIED as to Interrogatory No. 11 but GRANTED as to Interrogatory No. 16. Butler is ORDERED to supplement his response to Interrogatory No. 16 within fifteen days.

However, the court declines to grant Amazon's motion with respect to Interrogatory Nos. 12 and 13 and Request for Production Nos. 24 and 25. Butler has already represented that he does not intend to present expert testimony at trial, and even if he did, Butler would be obligated to disclose those witnesses' identities and expert reports in accordance with Federal Rule of Civil Procedure 26 and the scheduling order. (ECF No. 23-4 at PageID 294); see Fed. R. Civ. P. 26(a)(2) ("[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or

705."). Furthermore, Amazon has not offered any reason as to why it should be entitled to records of persons Butler may have contacted about the mere "possibility" of presenting expert testimony. The court thus DENIES Amazon's motion as to Interrogatory Nos. 12 and 13 and Request for Production Nos. 24 and 25.

### III. CONCLUSION

For the foregoing reasons, Amazon's Motion for Dismissal as a Rule 37 Sanction is DENIED. Amazon's Motion to Compel is GRANTED in part consistent with the rulings and directives described above.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 2, 2025
Date