**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS J. BUTLER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 24-cv-02251-BCL-tmp** |
| **AMAZON FULFILLMENT CENTER MEM 4,** | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Before the court is Defendant Amazon Fulfillment Center MEM 4's ("Amazon") Motion for Summary Judgment.[1] (ECF No. 42.) *Pro se* Plaintiff Thomas J. Butler filed a response in opposition and Amazon filed a reply. (ECF Nos. 43, 44, 45, 46.) For the reasons below, the undersigned recommends that Amazon's motion be granted.

## I. PROPOSED FINDINGS OF FACT

As a preliminary matter, the undersigned submits that Amazon's Statement of Undisputed Material Facts (ECF No. 42-2) should be deemed undisputed.

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

In compliance with Local Rule 56.1(a), Amazon filed a separate, concise statement of the material facts as to which Amazon contends there is no genuine issue for trial, with each fact set forth in a separate, numbered paragraph and supported by specific citations to the record.[2] L.R. 56.1(a). As the non-movant, Butler was required to satisfy Local Rule 56.1(b):

> Each disputed fact must be supported by specific citation to the record. Such response shall be filed with any memorandum in response to the motion. The response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant.

L.R. 56.1(b). In response, Butler filed three documents, none of which complied with Local Rule 56.1(b): (1) Plaintiff Memorandum of Law in Objection to Defendant Motion for Summary Judgment (ECF No. 43); (2) Plaintiff's Objection to Defendant Motion for Summary Judgment (ECF No. 44); and (3) exhibits comprised of his 51-page verified complaint along with approximately 126 pages of Amazon's discovery responses (with what looks like his own handwritten notes in the margins), select pages from his deposition transcript (with many parts difficult to read due to poor scan quality), numerous emails

[2]Except for paragraphs 11, 12, and 32 in part, as discussed below.

and letters, and a variety of other documents (ECF No. 45). These filings include a difficult-to-follow mix of legal arguments, quotes from cases, and statements that appear to bounce back and forth between disputed and undisputed facts.[3]

As described by the Sixth Circuit, "the Western District of Tennessee has exacting local rules governing summary judgment . . . . [Local Rule 56.1's] point-counterpoint framework, with its rigorous citation requirements, exists '[i]n order to assist the Court in ascertaining whether there are any material facts in dispute.'" Martinez v. City of Memphis, No. 25-5494, 2025 WL 3516448, at *1 (6th Cir. Dec. 8, 2025) (quoting L.R. 56.1(a)-(b)). "[C]ourts have 'repeatedly upheld the strict enforcement of these rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" Id. at *2 (quoting Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994)); see also Riggs v. City of Bartlett, No. 2:23-cv-02780-TLP-atc, 2026 WL 881225, at *6 (W.D. Tenn. Mar. 31, 2026) (citing Martinez, 2025 WL 3516448, at *3).

Further, "*[p]ro se* litigants are required to adhere to basic procedural requirements." Myrtil v. Chevrolet, No. 2:22-

[3]Amazon argues in its reply brief that the court should disregard Butler's entire response because it violates Local Rule 56.1(b).

cv-02595-MSN-tmp, 2025 WL 569627, at *3 (W.D. Tenn. Feb. 20, 2025). "[While] the Court acknowledges that Plaintiff, as a *pro se* litigant, may not have fully understood the requirements of the Local Rule [56.1(b)] . . . the Court is not required to search the record on behalf of the non-moving party." Id. (citing Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 404 (6th Cir. 1992)).

Based on Butler's failure to comply with Local Rule 56.1(b), Amazon's Statement of Undisputed facts should be deemed undisputed. Accordingly, the undersigned disregards assertions of fact Butler makes in responding materials. These undisputed facts are as follows:

1. Amazon Services LLC operates a Fulfillment Center named MEM4 in Memphis, Tennessee. (Ex. A, Excerpts from the Deposition of Thomas Butler ("Butler Dep.") at 52:7-14, App. 4; Ex. B, Offer Letter (Dep. Ex. 2), App. 17-19.)

2. Amazon is an equal opportunity employer, and the company "complies with the Americans with Disabilities Act . . . , does not discriminate against individuals who are disabled, and [actively engages] in providing reasonable accommodations that will allow qualified, disabled individuals to perform the essential functions of their job." (Ex. C, Owner's Manual and Guide to Employment excerpts (DEF2800-2802), App. 23-25.)

3. Butler began at-will employment at MEM4 on July 19, 2021, as a Fulfillment Associate, also known as a "picker and packer" because in that role, the employee picks items off of warehouse shelves and packs them into boxes. (Ex. A, Butler Dep. at 49:11-50:18, App. 3-4.)

4. After a month of work, Butler claims he injured his lower back lifting items out of a tote. (Ex. A, Butler Dep. at 56:7-13, App. 5.)

5. He reported the injury to Amazon on October 28, 2021. (Ex. D, First Report of Injury (Dep. Ex. 8), App. 26.)

6. Due to the delay in reporting, the Tennessee Bureau of Workers' Compensation denied Butler's claim for workers' compensation, which he did not appeal. (Ex. E, Tennessee Bureau of Workers' Compensation Denial (Dep. Ex. 12), App. 29.; Ex. A, Butler Dep. at 82:24-83:9, App. 7.)

7. Upon receiving that report, Amazon sent Butler to see a doctor, who diagnosed Butler with a lumbar strain. (Ex. F, Nov. 1, 2021 Work Activity Report (Dep. Ex. 10), App. 30; Ex. A, Butler Dep. at 72:11-73:5, App. 6.)

8. The treating physician also recommended Butler return to work but limit his time walking and sitting to five hours each. (Ex. F, Nov. 1, 2021 Work Activity Report (Dep. Ex. 10), App. 31.)

9. Amazon accommodated Butler's restrictions by assigning him to a "tote runner" role, which was less physically demanding. (Ex. A, Butler Dep. at 56:24-57:6, App. 5.)

10. After a week or two of tote running, Butler re-injured himself and began working light duty when available. (Ex. A, Butler Dep. at 57:7-25, App. 5.)

13.[4] On May 12, 2023, he returned to work from a personal leave of absence without restrictions, but he alleged he suffered back pain during his shift. (Ex. G, May 12, 2023 Amazon Notes (Dep. Ex. 16), App. 34.)

14. He received care at Methodist Le Bonheur Healthcare, where he was released back to work without restrictions beginning May 14, 2023. He provided this work release form to Amazon. (Ex. H,

---

[4]Paragraph 11 of Amazon's Statement of Undisputed Material Facts states:

> In 2022, Plaintiff returned to work on occasion, but he was mostly out on a medical leave of absence (Plaintiff was not eligible for FMLA due to failing to work the required hours to be eligible) and a personal leave of absence when Plaintiff was unable to provide medical paperwork to substantiate a need for medical leave.

However, this paragraph contains only a citation to the Owner's Manual and Guide to Employment excerpts, which by itself does not appear to support this paragraph.

In addition, Paragraph 12, which states, "During this time, Plaintiff also was pursuing short-term and long-term disability benefits," does not contain any citation to record evidence. Therefore, the undersigned will not consider the facts in paragraphs 11 and 12 as being undisputed.

May 12, 2023 Work Release (Dep. Ex. 17), App. 35; Ex. A, Butler Dep. 97:7-98:9, App. 8-9.)

15. Butler did not return to work on May 14, 2023, and Amazon emailed him to alert him that he was accruing a negative Unpaid Time balance. (Ex. I, May 14, 2023 Email (Dep. Ex. 18), App. 36.)

16. Regular attendance is an important part of an employee's obligations as an Amazon associate. Unsatisfactory attendance is a basis for disciplinary action, up to and including dismissal. (Ex. C, Owner's Manual and Guide to Employment excerpts (DEF 2792- 2793), App. 21-22.)

17. Amazon extended Butler's approved leave until May 24, 2023. (Ex. J, May 20, 2023 Email (Dep. Ex. 19), App. 37.)

18. Butler requested to extend his leave even longer, and Amazon emailed him to inform him that he needed to submit documentation "to support your disability" and documentation "from a valid healthcare provider to support your leave" by June 12, 2023. (Ex. K, May 22, 2023 Email (Dep. Ex. 20), App. 38.)

19. At his deposition, Butler denied that he needed medical leave as of May 14, 2023. (Ex. A, Butler Dep. 100:20-101:7, App. 9.)

20. Specifically, he testified that he could have performed all of the requirements of the picker and packer position as of May 14, 2023. (Ex. A, Butler Dep. 102:3-18, App. 10.)

21. Butler also requested an accommodation in May 2023, and Amazon gave him until May 29, 2023, to provide medical documentation from his healthcare provider substantiating the need for an accommodation. (Ex. L, May 23, 2023 Email (Dep. Ex. 21), App. 39-40.)

22. Butler attempted to obtain that medical documentation but was unable to do so because his healthcare provider felt unable "to write a letter stating that he cannot stand for long periods," which caused Butler to be "upset that the letter could not be written." (Ex. M, Excerpts from June 1, 2023 Medical Record (Dep. Ex. 22), App. 41-42.)

23. However, at his deposition, Butler testified that he did not need an accommodation. Rather, he stated that his request for an accommodation merely meant "a job change" and that he wanted to "work with the robots or maintenance tech" rather than continue in the picker and packer role. (Ex. A, Butler Dep. at 101:17-24, 102:11-25, App. 9-10.)

24. Specifically, Butler testified as follows:

> Q. So just to make sure that I'm clear, you're saying that as of May 14th of 2023, you could have returned as a picker/a packer, and done that job.
>
> A. Correct.
>
> Q. You didn't want to do that job. You wanted to do a different job, but you could have come back and done that job.
>
> A. Correct.

Q. You could walk; is that correct?

A. Yes, ma'am, I could.

Q. You could lift?

A. Yes, ma'am, I could.

Q. And you could do that for the entirety of a shift.

A. Yes, ma'am, with discomfort I could, yes, ma'am.

(Ex. A, Butler Dep. at 103:25-104:16, App. 10.)

25. He testified "I did not need accommodation of no sort. I just wanted to change my job position." (Ex. A, Butler Dep. at 107:15-16, 118:14-23, App. 11, 13.)

26. He failed to provide Amazon with any documentation supporting either a leave of absence or an accommodation, and his leave accordingly ended on May 24, 2023. (Ex. A, Butler Dep. at 111:18-20, 121:12-19, App. 12-13; Ex. J, May 20, 2023 Email (Dep. Ex. 19).)

27. He failed to return to work, and Amazon notified him on June 21, 2023, and June 29, 2023, that he was in violation of its attendance policy and that "[f]ailure to respond will result in the separation of your employment." (Ex. N, June 21, 2023 Email (Dep. Ex. 24), App. 43; Ex. O, June 29, 2023 Email (Dep. Ex. 25), App. 44.)

28. Accordingly, Amazon processed Butler's voluntary resignation due to job abandonment on June 30, 2023. (Ex. P, June 30, 2023 Job Abandonment Letter (Dep. Ex. 26), App. 45.)

29. On July 31, 2023, Butler filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation. (Ex. Q, EEOC Charge of Discrimination (Dep. Ex. 27), App. 46-47.)

30. However, at his deposition, Butler denied that he was disabled, testifying:

> Q. Do you think that you are disabled?
>
> A. No, ma'am, I'm not disabled.
>
> Q. Have you ever been disabled?
>
> A. Not to my - not to my knowledge.

(Ex. A, Butler Dep. 132:16-19, App. 14.)

31. He also denied that his lower back pain prevents him from substantially engaging in any major life activities, stating conclusively that "[i]t don't prevent me from doing anything" and "I'm able to do everything. I am able to work." (Ex. A, Butler Dep. 133:6-25, App. 14.)

32. In attempting to explain his retaliation claim during his deposition, Butler testified that Amazon "found out that they was wrong" regarding his denied workers' compensation claim nearly two years prior, further testifying: "Once they knew all of these things and they had all of they book is full of water

or whatever they wanted to fill it with, they knew if it was to spill, it would spill on them." (Ex. A, Butler Dep. at 134:7-135:8, App. 15.)[5]

33. The EEOC wrote to Butler on December 22, 2023, stating that Amazon closed his request for an accommodation "for non-participation in the interactive process" and noted that Amazon "provided several accommodations" in the past, which "indicates the company is willing to accommodate [Butler's] disability, if supporting medical documentation is provided." (Ex. R, EEOC Correspondence, App. 48-49.)

34. The EEOC requested that Butler provide any additional information supporting his allegations of discrimination, but he was unable to do so. Id.

---

[5]Paragraph 32 states:

> Plaintiff was also largely unable to explain his retaliation claim during his deposition, confusingly alleging that Amazon "found out that they was wrong" regarding Plaintiff's denied workers' compensation claim nearly two years prior, arguing that "Once they knew all of these things and they had all of they book is full of water or whatever they wanted to fill it with, they knew if it was to spill, it would spill on them.

This paragraph begins with a characterization by Amazon that resembles argument more than fact. Accordingly, the undersigned will consider the quotes in paragraph 32 in that Butler offered them to explain his retaliation claim, but will not consider the surrounding language.

35. As such, the "EEOC's investigation revealed that [Butler was] not protected under the ADAAA because, at the time of [his] termination, there was no record of a current disability." Id.

36. The EEOC based this determination on Butler's May 14, 2023, work release, which stated that he could "return to work without restrictions." Id.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Legal Standard

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Leath v. Collins, No. 25-1408, 2026 WL 228827, at *4 (6th Cir. Jan. 28, 2026).

The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hightower-Mathis v. Nextcare Mich. Providers, PLLC, No. 25-1623, 2026 WL 126494, at *3 (6th Cir. Jan. 16, 2026). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis

of allegations;" the non-moving party must present "significant probative evidence . . . to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). Rule 56(c) provides that a party must support an assertion of fact by 1) citing to materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials[,]" or 2) showing "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B).

When analyzing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Huckaby v. Priest, 636 F.3d 211, 216 (6th Cir. 2011) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In doing so, the court may not make credibility determinations or weigh the evidence. Jordan v. Kohl's Dep't Stores, Inc., 490 F. App'x 738, 741 (6th Cir. 2012) (citing Anderson, 477 U.S. at 255). Rather, it must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Block v. Meharry

Med. Coll., 723 F. App'x 273, 277 (6th Cir. 2018) (quoting Anderson, 477 U.S. at 251-52).

**B. Disability Discrimination and Retaliation**

The Americans with Disabilities Act ("ADA") makes it unlawful for employers to discriminate against a qualified individual based on their disability. See 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.2(b), (e). The ADA also prohibits employers from discriminating against individuals who have "opposed any act or practice made unlawful" by the ADA or have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the ADA. 42 U.S.C. § 12203(a); 29 C.F.R. § 1630.12. "This provision includes a prohibition on retaliation against an employee who requests reasonable accommodations." Edwards v. Shelby Cnty., Tenn., 159 F.4th 489, 498 (6th Cir. 2025) (citing A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ., 711 F.3d 687, 698 (6th Cir. 2013)).

Disability discrimination and retaliation claims may be based on either direct or indirect evidence. Lovell v. Champion Car Wash, LLC, 969 F. Supp. 2d 945, 950 (M.D. Tenn. 2013). A "[d]irect evidence [theory] of disability discrimination 'does not require the fact finder to draw any inferences [to conclude] that the disability was at least a motivating factor.'" Fisher v. Nissan N. Am., Inc., 951 F.3d 409, 416 (6th Cir. 2020)

(quoting Hostettler v. Coll. of Wooster, 895 F.3d 844, 853 (6th Cir. 2018)).

Butler has not presented any direct evidence of discrimination or retaliation. When, as here, a disability discrimination or retaliation claim is based on indirect evidence, a court will use the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Babb v. Maryville Anesthesiologists P.C., 942 F.3d 308, 319 (6th Cir. 2019); Rorrer v. City of Stow, 743 F.3d 1025, 1046 (6th Cir. 2014). Under this framework, Butler has the initial burden of presenting sufficient evidence for a reasonable jury to conclude that he has made a *prima facie* case for disability discrimination or retaliation. Equal Emp. Opportunity Comm'n v. Ford Motor Co., 782 F.3d 753, 767 (6th Cir. 2015). To do so, he must establish that "(1) [he] engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against [him]; and (4) there was a causal connection between the protected activity and the adverse action." Rorrer, 743 F.3d at 1046.

"An ADA discrimination claim also imposes a similar *prima facie* burden on the plaintiff." Pemberton v. Bell's Brewery, Inc., 150 F.4th 751, 767 (6th Cir. 2025). It requires Butler to show (1) he is disabled; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) Amazon

knew of his disability; (4) he suffered an adverse employment decision; and (5) there was a causal connection between the disability and the adverse action.[6] Id. (citing Hedrick v. W. Rsrv. Care Sys., 355 F.3d 444, 453 (6th Cir. 2004)).

"The causal connection prong for retaliation and discrimination ADA claims requires [plaintiff] to show that his protected disability activity (retaliation) or his disability (discrimination) is the 'but-for' cause for the [defendant's] adverse actions." Id. (citing Lewis v. Humboldt Acquisition Corp., Inc., 681 F.3d 312, 321 (6th Cir. 2012) (en banc)). To establish this prong, the plaintiff "must put forth some evidence to deduce a causal connection between the adverse action and protected activity, that is sufficient to raise the inference that the discrimination or protected activity was the likely reason for the adverse action." Id. (internal citations and quotations omitted).

If Butler makes such a showing, the burden would shift to Amazon to offer a legitimate, non-discriminatory reason for his

[6]While the Sixth Circuit in Pemberton describes the fifth element of the *prima facie* case of ADA discrimination as a causal connection, other Sixth Circuit opinions describe the fifth element as whether the employer replaced the plaintiff or their position remained open while the employer looked for other applicants. See, e.g., Edwards, 159 F.4th at 498. Thus, it appears that the Sixth Circuit cases are not entirely consistent with regard to this element of the *prima facie* case. However, this conflict does not affect the outcome of the motion.

termination. Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 776 (6th Cir. 2016). Finally, if Amazon makes this showing, the burden would shift back to Butler to show that Amazon's stated reason was merely pretextual. Id. Unlike with direct evidence, where discrimination need only have been a motivating factor, in cases involving indirect evidence, "[i]t is the plaintiff's ultimate burden to show that [he] was terminated 'on the basis of disability,' 42 U.S.C. § 12112(a), meaning [he] must show that [his] disability was a 'but-for' cause of [his] termination." Lockhart v. Marietta City Sch., No. 20-4308, 2021 WL 4810172, at *7 (6th Cir. Oct. 15, 2021) (quoting Lewis v. Humboldt Acquisition Corp., Inc., 681 F.3d 312, 321 (6th Cir. 2012) (en banc)).

Based on the undisputed facts, the undersigned finds that Butler has not created a genuine dispute that his request for accommodation or his alleged disability was the but-for cause for his termination.[7]

In 2021, Butler reported experiencing an injury to his lower back while working at Amazon. (ECF No. 42-4 at PageID 714, 715.) Amazon sent Butler to a doctor who diagnosed him with a lumbar strain, recommending that he limit his sitting and

[7]Because Butler cannot satisfy the but-for causation standard, the undersigned does not reach Amazon's other arguments, including whether Butler qualifies as "disabled" under the ADA.

walking at work to five hours each. (ECF No. 42-9.) Amazon accommodated these restrictions by temporarily placing him in a less physically demanding role. (ECF No. 42-4 at PageID 714, 708.)

A cycle of re-injury and leave continued before May 12, 2023, when Butler experienced an injury at work and received care at Methodist Le Bonheur Healthcare. (ECF No. 42-4 at PageID 711, 712.) He was released to go back to work on May 14, 2023. However, Butler did not attend work in-person on May 14, 2023. Amazon reached out to him and received no response. (ECF No. 42-4 at PageID 712.) Shortly after, Butler requested leave, which Amazon granted through May 24, 2023. (ECF No. 42-4 at PageID 715.) Butler eventually requested more leave and a workplace accommodation. For each, Amazon demanded documentation, but Butler was nonresponsive. (ECF No. 42-4 at PageID 715, 716, 717.) He was also unable to find a medical provider willing to write that he needed to limit his standing at work. (ECF No. 42-16.) After the accommodation documentation deadline of May 29, 2023, passed, Amazon terminated Butler's employment.[8] (ECF No. 42-4 at PageID 716, 717.)

Although Butler disputes whether Amazon's policies prevented him from returning to work while his accommodation

[8]Amazon labels this as 'processing his voluntary resignation due to job abandonment.'

request was pending, he has produced no evidence from which a reasonable jury could conclude that Amazon terminated his employment because of his disability, or because he requested leave or an accommodation. Accordingly, Butler's claims fail to establish but-for causation. As such, the undersigned recommends that Amazon's Motion for Summary Judgment on the ADA discrimination and retaliation claims be granted.

**C. Failure to Accommodate**

"[E]mployers are entitled to medical documentation confirming the employee's disability and need for accommodation." Tchankpa, 951 F.3d at 813 (citing Kennedy, 215 F.3d at 656). Without such documentation, an employer has no duty to grant an accommodation request. Id.

Butler argues that Amazon erred in handling his May 2023 request for an accommodation. However, according to the undisputed material facts, Butler testified that he did not need an accommodation. (ECF No. 42-2 at PageID 714.) In any event, Amazon gave Butler until May 29, 2023, to provide medical documents for a new accommodation. (ECF No. 42-15.) Butler testified that while attempting to obtain the necessary documentation, his healthcare provider refused to "write a letter stating that he cannot stand for long periods." (ECF No. 42-16.)

In sum, Butler failed to obtain the necessary medical documentation to receive an accommodation from Amazon. Butler has produced no evidence from which a reasonable jury could conclude that Amazon failed to properly accommodate his back pain. As such, the undersigned recommends that Amazon's Motion for Summary Judgment on the failure to accommodate claim be granted.

## III. RECOMMENDATION

For the above reasons, the undersigned recommends that Amazon's Motion for Summary Judgment be granted.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 28, 2026
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**