**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**THOMAS J. BUTLER**,

*Plaintiff*,

v. Case No. 2:24-cv-02251-BCL-tmp

**AMAZON FULFILLMENT CENTER MEM 4**,

*Defendant*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, entered August 28, 2026.[1] Doc. 61. The Report recommends that Defendant's Motion for Summary Judgment (Doc. 42) be granted and the case dismissed. Doc. 61 at 20. Plaintiff filed timely objections to the Chief Magistrate Judge's recommendation. Doc. 62. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 62) and **ADOPTS** the Report and Recommendation. Doc. 61. Therefore, Defendants' Motion for Summary Judgment (Doc. 42) is **GRANTED** and this case is **DISMISSED**.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive

---

[1] The case was originally assigned to Judge Thomas L. Parker, who transferred it to the undersigned in March 2026. Doc. 53.

orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## ANALYSIS

While Plaintiff purports to raise four objections and a motion, his argument boils down to a single overarching objection to Chief Magistrate Judge Pham's proposed findings of fact—that they "are procedurally invalid because Plaintiff's corrective motion was pending." Doc. 62 at 1. The "corrective motion" to which Plaintiff refers was a Motion for Leave to File Corrected Summary Judgment Materials (Doc. 59). The premise of the objection is incorrect, as Chief Magistrate Judge Pham denied Plaintiff's Motion for Leave to File Corrected Summary Judgment Materials before—albeit just before—entering his Report and Recommendation. Doc. 60.

Read liberally, however, Plaintiff's purported objections do not challenge the Report and Recommendation, but instead the denial of Plaintiff's Motion for Leave to File Corrected Summary Judgment Materials. So viewed, the objections fail because, whether under the de novo or any other standard, Plaintiff has identified no error in Chief Magistrate Judge Pham's denial of the Motion for Leave to File Corrected Summary Judgment Materials. That denial was based on

the extreme untimeliness of Plaintiff's Motion, which came 300 days after Defendant Amazon filed its Motion for Summary Judgment.

None of Plaintiff's cited authorities required granting Plaintiff's untimely Motion for Leave to File Corrected Summary Judgment Materials. Contrary to Plaintiff's suggestion, the Magistrate Judge's Order certainly did not deem his Motion for Leave to File timely—quite the contrary. Nor does 28 U.S.C. § 636(b)(1)(C) support Plaintiff: that provision authorizes a judge to "receive further evidence" before ruling on timely objections to a report and recommendation, but does not require acceptance of new summary judgment materials 300 days after the deadline for filing them. The same goes for Rule 72(b) of the Federal Rules of Civil Procedure. Plaintiff likewise finds no support in Rule 56 and LR 56.1: Rule 56 does not address the deadline for a response one way or another, and LR 56.1 sets a deadline of 28 days, which only underscores how untimely Plaintiff's Motion was. Finally, Plaintiff lists four Supreme Court decisions with thumbnails that appear to have been copied from the output of a large language model, but even on Plaintiff's telling the cases do not help him: According to Plaintiff, the cases require a "full and fair" or "meaningful" opportunity to oppose summary judgment (Doc. 62 at 2)—but Plaintiff had that opportunity. It is not that Plaintiff was denied a reasonable opportunity to oppose summary judgment; rather, the problem is that Plaintiff failed to timely take advantage of the opportunity.

## CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's objections. The Court hereby **ADOPTS** the Report and Recommendation. Doc 61. Defendant's Motion for Summary Judgment (Doc. 42) is **GRANTED.** Entry of judgment will follow.

**IT IS SO ORDERED**, this 18th day of September, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE